Filed 5/24/24  P. v. Sison CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086924 |
| Plaintiff and Respondent, | (Super. Ct. No. DF017110A) |
| v. | |
| KYLE LEWIS SISON, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  J. Eric Bradshaw, Judge.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### STATEMENT OF APPEALABILITY

This appeal follows a conviction and sentence based on a court-indicated plea agreement.  It concerns findings and orders occurring after the plea that do not affect the

_____

[*] Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

validity of the plea, which are appealable as the final judgment of the superior court. (Pen. Code,[1] § 1237, subd. (a).)

## STATEMENT OF THE CASE

On November 29, 2022, Sison was charged by felony amended complaint with vandalism of a religious facility (§ 594.3, subd. (b); count 1); vandalism causing damage in the amount of $400 or more (§ 594, subd. (b)(1); count 2); and misdemeanor defacement or property in interference with the free exercise of a constitutional right (§ 422.6, subd. (b); count 3).  As to counts 1 and 2, the complaint further alleged an enhancement allegation for conduct amounting to a "hate crime" (§ 422.75, subd. (a)).

On January 10, 2023,[2] proceedings were suspended for purposes of a competency evaluation and determination pursuant to sections 1367 and 1368.  On February 7, the trial court found Sison competent to proceed based on a sealed medical report.  Sison waived his right to a preliminary hearing on February 21, after which the court bound over all charges and enhancements.  The information was filed on March 1, and Sison was arraigned on March 2.

On June 12, the trial court indicated it would consider imposing, in exchange for Sison's no contest plea to all counts, a term of four years.  The court agreed to provide Sison the opportunity to make sentencing arguments and to move to withdraw his plea in the event the court determined a term in excess of the indicated four year term was necessary under the facts and the law.  The parties were not in agreement concerning the appropriate sentence and understood that the plea agreement was subject to the trial court's rulings on various sentencing issues.

On June 12, the parties entered into a plea agreement whereby Sison pled no contest to counts 1 through 3, and admitted the hate crime enhancements attached to

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Subsequent references to dates are to dates in 2023 unless otherwise stated.

counts 1 and 2. Sison further admitted aggravating factors pursuant to California Rules of Court, rule 4.421(a)(1), (a)(3), and (b)(4). The plea resolved a probation violation allegation in case number DF014665A.

On August 11, the defense filed its sentencing brief and, among other requests, requested the court dismiss the section 422.75, subdivision (a), hate crime enhancement pursuant to section 1385, subdivision (c), and in the alternative, impose the low term based on various applicable mitigating factors.

On August 30, the trial court stated on the record that the sentencing issues had been resolved during an unreported chambers conference. It indicated that it would instead impose a five-year split sentence in county custody, rather than a four-year prison term. The court then provided Sison an opportunity to withdraw from the plea agreement pursuant to its terms. Sison's counsel indicated on the record that Sison would not seek to withdraw his plea, while preserving the sentencing objections previously made.

On September 27, the trial court imposed a sentence of five years, to consist of the midterm of two years on count 2, plus three years for the hate crime enhancement, to be served in a local custody as a split sentence pursuant to section 1170, subdivision (h)(5)(A). The split sentence consisted of four years in county jail and one year under mandatory supervision.

On count 1, the trial court imposed the term of two years in local custody but stayed sentence pursuant to section 654. On count 3, the trial court imposed 180 days in local custody, which it also stayed pursuant to section 654. He total custody credits amounted to 617 days, pursuant to section 4019. The court ordered minimum mandatory fees pursuant to Government Code section 70373 and section 1465.8, a $300 restitution fine pursuant to section 1202.4, subdivision (b), and victim restitution pursuant to section 1202.4, subdivision (f).

In the probation revocation matter, the court ordered probation revoked, and sentenced Sison to the low term of two years in state custody, to be served concurrent

with the sentence on count 2, with credit for time served.  Sison was ordered to report to the Department of Corrections and Rehabilitation within two days of release from custody for determination of post-release community supervision.  The court also ordered mandatory fines and fees consistent with the probation recommendation, of which the parties stipulated to waive reading.

On September 27, Sison filed a timely notice of appeal of the sentence in case number DF017110A, without a certificate of probable cause.

## STATEMENT OF FACTS[3]

According to the operative pleading, on November 18, 2022, Sison unlawfully vandalized a religious facility causing damage in the amount of $400 or more.  Sison admitted by plea that the conduct constituted a "hate crime" such that it was caused by the victim's race, color, religion, nationality, country of origin, ancestry, disability or other association with these perceived characteristics, within the meaning of section 422.75, subdivision (a).

## APPELLATE COURT REVIEW

Sison's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes the declaration of appellate counsel indicating Sison was advised he could file his own brief with this court.  By letter on March 22, 2024, we invited Sison to submit additional briefing.  To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Sison.

---

**3** Because Sison waived preliminary hearing, the parties stipulated to the factual basis contained in reports not contained in the record on appeal.  The religious facility in question was an African American church.

## DISPOSITION

The judgment is affirmed.